

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,045-02

**EX PARTE ERIC JOSEPH CLECKLER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 057340-B IN THE 15TH DISTRICT COURT
### FROM GRAYSON COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to robbery and was sentenced to eight years' imprisonment.

Applicant contends that he was denied due process when he was compelled to comply with sex offender conditions of parole. Applicant alleges that he has not been convicted of a sex offense, and that he was not afforded notice or a hearing before the imposition of "Special Condition X," in violation of *Ex parte Evans*, 338 S.W.3d 545 (Tex. Crim. App. 2011).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim.

App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing Applicant's claim. Specifically, the affidavit shall state whether Applicant is being required to comply with sex offender conditions of parole. If he is so required, the affidavit shall state whether Applicant has been previously convicted or adjudicated of a sex offense. If he has not been previously convicted or adjudicated of a sex offense, the affidavit shall state why such conditions are deemed appropriate and whether Applicant was provided with notice and an opportunity to be heard before the imposition of such conditions of parole.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is being denied due process by the imposition of sex offender conditions of parole. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 4, 2016
Do not publish